# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAQUEL MCDANIEL,<br><br>                        Plaintiff,<br>  vs.<br>NAVY FEDERAL CREDIT UNION,<br><br>                      Defendants. | CASE NO. 14cv2231 WQH (RBB)<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") filed by Plaintiff Raquel McDaniel. (ECF No. 2).

      On September 19, 2014, Plaintiff, proceeding *pro se*, initiated this action by filing the Complaint (ECF No. 1) and the Motion to Proceed IFP (ECF No. 2). The Complaint asserts a single claim for breach of contract and requests restitution of monthly payments in the amount of $1,156.07 paid between February 7, 2006 and March 21, 2014.

## I.    Motion to Proceed IFP

      All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177

(9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In her affidavit, Plaintiff states that she is unemployed. (ECF No. 2 at 2). Plaintiff states that she received estover from December 2010 until March or April of 2014 in the amount of $480 to $490 a month. *Id.* Plaintiff states that she does not have a checking account, savings account, or any other account. *Id.* Plaintiff's only asset is a U.S. savings bond with a face value of $900. *Id.* at 3. Plaintiff states that she needs $400 a month to maintain her decedent's trust, for which she is trustee. *Id.*

The Court has reviewed the affidavit and finds that it is sufficient to show that Plaintiff is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

**II.     Initial Screening of Complaint**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). In addition, "[i]f the court determines at anytime that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts—unlike state courts—are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). In the federal courts, subject matter jurisdiction may arise from either "federal question jurisdiction" or "diversity jurisdiction." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. §§ 1331-32. To invoke diversity jurisdiction, the complaint must allege that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States ... [or]

1  citizens of a State and citizens or subjects of a foreign state...." 28 U.S.C. § 1332(a).
2  To invoke federal question jurisdiction, the complaint must allege that the "action[]
3  aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. §
4  1331.

5       The Complaint asserts a single state-law claim for breach of contract. The
6  Complaint does not allege that diversity jurisdiction exists in this case. Specifically, the
7  Complaint does not allege the citizenship of either Plaintiff or Defendant. The Court
8  concludes that the Complaint must be dismissed because it fails to allege a basis for
9  federal court subject-matter jurisdiction.

10 **III.  Conclusion**

11      IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is
12 GRANTED. IT IS FURTHER ORDERED that the Complaint is DISMISSED without
13 prejudice. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may
14 file an amended complaint, which shall be entitled, "First Amended Complaint," and
15 which shall comply with the Federal Rules of Civil Procedure and adequately allege a
16 basis for subject-matter jurisdiction. If Plaintiff does not file a first amended complaint
17 within thirty days, the Court will order this case to be closed.

18 DATED: October 3, 2014

19                                   *William Q. Hayes*
20                            **WILLIAM Q. HAYES**
                           United States District Judge

21
22
23
24
25
26
27
28